IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE VALRIE, individually and on behalf of all similarly situated individuals | * * * |
| Plaintiff, | * * |
| vs. | * Case No. 11-00404 |
| | * |
| NATIONSTAR MORTGAGE, LLC., | * * |
| Defendant. | * |

## COMPLAINT

**NOW COMES** Plaintiff, Jacqueline Valrie, individually and on behalf of all similarly situated individuals, and as her Complaint against the Defendant Nationstar Mortgage, LLC., avers as follows:

### INTRODUCTION

Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ( federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

## THE PARTIES

3. Plaintiff is an adult resident of Mobile County, Alabama.

4. Defendant Nationstar Mortgage, LTD (hereinafter referred to as "Nationstar"), is a company formed under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia. At all relevant times, Nationstar conducted business in Mobile County, Alabama.
.

## FACTUAL ALLEGATIONS

5. On July 29, 2003, Plaintiff executed a real estate mortgage with Homecomings Financial Network, Inc. in the amount of $115,920. Servicing of the loan was transferred to Nationstar.

6. On September 21, 2010, ownership interest in the Plaintiff's mortgage and note was assigned to Nationstar. A written Assignment identifying Nationstar as the assignee was executed on October 26, 2010 and recorded in the probate office of Mobile County, Alabama on or about November 4, 2010. (See Assignment attached hereto as Exhibit "A")

7. The mortgage loan at issue was secured by the Plaintiff's principal residence.

8. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> **(g) Notice of new creditor**
> **(1) In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;

>    (B) the date of transfer;
>    (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>    (D) the location of the place where transfer of ownership of the debt is recorded; and
>    (E) any other relevant information regarding the new creditor.
>
>    (2) **Definition**
>    As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9. Nationstar failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10. Plaintiff realleges the allegations above as if fully set out herein.

11. With respect to Plaintiff, Nationstar received by assignment a ownership interest in their mortgage and note.

12. Nationstar is a "creditor" as that term is used in 15 U.S.C. § 1641(g).

13. Said mortgage secures an interest in real estate which is used by Plaintiff as her principal dwelling.

14. Upon receipt of that assignment Nationstar was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. Nationstar failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiff demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## **CLASS ALLEGATIONS**

16.  Plaintiff realleges the allegations above as if fully set out herein.

17.  These claims are brought on behalf of all residential mortgage borrowers who:

   A.   From a time period beginning one year prior to the date of the filing of this complaint to the present;

   B.   Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

   C.   An interest in their mortgage loan was sold or otherwise transferred or assigned to Nationstar; and

   D.   Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18.  The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19.  The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

20.  The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. Upon information and belief, the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21.  The representative Plaintiff's claims are typical of, if not identical to, the claims of the class.

22.  The representative Plaintiff will fairly and adequately represent the members of the class and has no interests which are antagonistic to the claims of the Class.

23. The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in numerous complex class actions.

24. Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28. The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for herself and on behalf of the class of borrowers described above, demand judgment against Defendant Nationstar and the following relief:

A) An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B) An order appointing Plaintiff as representative of the class;

C) An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D) An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E) For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G) An award of reasonable attorney's fees as provided by law and statute;

H) An award of costs and expenses incurred in this action; and

I) An award for such other relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiff

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Nationstar Mortgage, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

Drafted by: Chloe Crow
Please Return To:
Nationstar Mtg
350 Highland Dr.
Lewisville, TX 75067
469-549-2000

2010060129 Book-6710 Page-1796
Total Number of Pages: 2

State of Alabama-Mobile County
I certify this instrument was filed on:
October 15, 2010 @ 11:09:38 AM
S.R. FEE                  $2.00
RECORDING FEES            $6.00
TOTAL AMOUNT              $8.00

2010060129
Don Davis, Judge of Probate

Loan # 0596453428

## ASSIGNMENT OF DEED OF TRUST

County of MOBILE, State of Alabama

Know all Men by These Presents:

That **Mortgage Electronic Registration Systems, Inc.** acting herein by and through its duly authorized officers, herein after called transferor, of the County of **DENTON**, State of **TEXAS**, for and in consideration of TEN AND NO/100 DOLLARS CASH, AND OTHER VALUABLE CONSIDERATION, to it in hand paid by **Nationstar Mortgage, LLC, 350 Highland Dr, Lewisville, TX 75067** herein after called transferee, the receipt of which is hereby acknowledged, has this day Sold, Conveyed, Transferred, and Assigned and by these presents does Sell, Convey, Transfer, and Assign unto the transferee the herein after described indebtedness.

AND Transferor further Grants, Sells, and conveys unto the Transferee, all rights, title, interest, and liens owned or held by the Transferor in the herein after described land by virtue of said indebtedness herein conveyed and assigned.

TO HAVE AND TO HOLD unto the said Transferee, Transferee's successors and assigns the following described indebtedness together with all and singular the following mentioned lien and any and all liens, rights, equities, remedies, privileges, titles, and interest in and to said land, which Transferor has by virtue of being legal holder and owner of said indebtedness.

SAID INDEBTEDNESS, LIENS AND LAND BEING DESCRIBED AS FOLLOWS:

One certain promissory note executed by **VALRIE, JACQUELINE** payable to the order of **Mortgage Electronic Registration System, Inc.** in the sum of **($ 115,920.00)** dated **7/29/2003** and bearing interest and due and payable in monthly installments as therein provided.

**Recording Date:** 8/6/2003            **Instrument No:** Book 5429, Page 898

Said note being secured by Security Instrument of even date therewith duly recorded in the Public Records of **MOBILE** County, Alabama and secured by the liens therein expressed on the following described lot, tract, or parcel of land lying and being situated in **MOBILE** County, Alabama to wit:

Property Address: **2270 ANNWOOD DRIVE, MOBILE, AL 36605, MOBILE, ALABAMA**

SEE LEGAL AS PER ATTACHED EXHIBIT A

"MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSES IS $0."

EXECUTED, without recourse and without warranty on the undersigned this 21st day of September, 2010

Recorders Memorandum
At the time of recording this
instrument was received without
the exhibit, schedule, plat, etc.
being attached

Probate Court
Mobile County

                                                Mortgage Electronic Registration Systems, Inc.

BY: _____
Name: **CHRISTINE ODOM**
Title: **VICE PRESIDENT**

State of **TEXAS**
County of **DENTON**     ss:

       BEFORE ME, the undersigned, a Notary Public in and for the state aforesaid, on this **21st day of September, 2010** personally appeared **CHRISTINE ODOM, VICE PRESIDENT** of Mortgage Electronic Registration System, Inc. and known to me to be the person whose name is subscribed to thereforegoing instrument and acknowledged to me that this person executed the same purposes and considerations therein expressed, as the act and deed of said corporation and in the capacity therein stated.

_____
Notary Public In And For
The State of **TEXAS**
County of **Dallas**
Printed Name: **Leroy Garcia**
My Commission Expires: **8/26/2010**

```
LEROY GARCIA
Notary Public, State of Texas
My Commission Expires
August 26, 2014
```