IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| JACQUELINE VALRIE, individually and on behalf of all similarly situated individuals<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 11-00404<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S
<u>BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant NationStar Mortgage, LLC ("NationStar"), by counsel, submits this Brief in Support of its Motion to Dismiss the Complaint filed by Plaintiff Jacqueline Valrie, individually and on behalf of all similarly situated individuals. In support thereof, NationStar states the following:

INTRODUCTION

In this purported class action, Plaintiff claims that NationStar violated the Truth in Lending Act ("TILA") , 15 U.S.C. § 1641(g), by failing to give notice of transfer of the mortgage loan at issue within 30 days. Plaintiff, however, erroneously bases her claim on an "Assignment of Deed of Trust," assigning the mortgage from the mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS") to NationStar. Plaintiff does not allege any factual allegations indicating that NationStar is the owner of the mortgage *loan* at issue, as opposed to the assignee of the mortgagee. She does not allege that the original lender and owner of the loan assigned its interests in the loan to NationStar. No does she allege that any subsequent owner of the loan

assigned the loan to NationStar. Her claims, therefore, must be dismissed and the purported class claim necessarily fails.

The Court should grant NationStar's motion to dismiss because:

1. Plaintiff has failed to plead sufficient factual allegations indicating that NationStar meets the statutory requirements for liability under TILA § 1641(g);

2. The factual allegations in the Complaint indicate that NationStar is the assignee of the mortgagee, not the owner of the loan; and

3. To the extent Plaintiff erroneously asserts that NationStar received any interest in the loan, the applicable TILA statutes and regulations exclude liability for loan servicers (such as NationStar) that receive an interest merely for "administrative convenience."

Furthermore, Plaintiff's attempt to portray NationStar as the owner of the loan in this action is even more dubious in light of the fact that she has obtained information regarding the identity of the owner and investor of the loan at issue in a lawsuit filed by Plaintiff against NationStar and currently pending in the Circuit Court for the County of Mobile. The Court should dismiss this purported class action in its entirety with prejudice.

## ALLEGED FACTS[1]

1. On July 29, 2003, Plaintiff entered into a mortgage loan transaction with Homecomings Financial Network, Inc. ("Homecomings") in the amount of $115,920.00 (the "Loan"). (Compl., ¶ 5). The Loan is evidenced by a promissory note (the "Note") and secured

---

[1] The "Alleged Facts" section is based on the factual allegations contained in Plaintiff's Complaint. Although NationStar disagrees with Plaintiff's claims and legal conclusions, for the limited purpose of this motion, any well-pleaded factual allegations are accepted as true.

by a mortgage (the "Mortgage") placing a security interest on the property at issue in this matter (the "Property").  A copy of the Mortgage is attached hereto as **Exhibit A**.[2]

2.      By its own terms, the Mortgage "secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." Ex. A, 3.

3.      The Mortgage identifies MERS as the mortgagee and "nominee for Lender and Lender's successors and assigns."  Ex. A, 2.  As part of the Mortgage agreement, Plaintiff "irrevocably mortgage[d], grant[ed], and convey[ed] to MERS (solely as nominee for Lender and Lender's assigns) and to the successors and assigns of MERS, with power of sale," the Property. Ex. A, 3.

4.      The Mortgage further states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited, to releasing and canceling this Security Instrument.

Ex. A, 3.

5.      At some point after the Loan origination, servicing of the Loan was transferred to NationStar.  (Compl., ¶ 5).

6.      On September 21, 2010, a representative of MERS executed an "Assignment of Deed of Trust" (the "Assignment") assigning MERS's rights and authority as mortgagee and nominee under the Mortgage to NationStar.  A copy of the Assignment is attached as Exhibit A

---

[2] In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents referred to by the Plaintiff in the Complaint or central to the Plaintiff's claims without converting the motion into one for summary judgment.  *Brooks v. Blue Cross Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Plaintiff refers to the Mortgage at issue in her Complaint (¶¶ 6-7) and the Mortgage is central to her claims.

to Plaintiff's Complaint.  For the Court's convenience, NationStar attaches another copy hereto as **Exhibit B**.[3]

7.      Plaintiff does not allege that the originating Lender Homecomings assigned, transferred, or conveyed its ownership interest in the Loan to NationStar.  Nor does Plaintiff assert any factual allegations indicating that any other owner or assignee of the Loan assigned, transferred, or conveyed its ownership interest in the Loan to NationStar.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim.  When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff.  *See Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  The Court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint.  *See*, *e.g.*, *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1332-33 (11th Cir. 2010).  Furthermore, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not'" survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Jacobs*, 626 F.3d at 1333.

---

[3] As explained in detail *infra*, Plaintiff erroneously contends that the Assignment indicates that an "ownership interest in the Plaintiff's mortgage <u>and note</u> was assigned to NationStar" on September 21, 2010.  At most, the Assignment indicates that MERS assigned its interests as nominee for the Lender and mortgagee of the Mortgage to NationStar.  *See infra*, Section II.  Plaintiff is also incorrect in asserting that the Assignment was executed on October 26, 2010 and recorded on November 4, 2010.  (Compl., ¶ 6).  The Assignment indicates that it was executed on September 21, 2010 and recorded on October 15, 2010.  Ex. B.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In *Iqbal*, the Supreme Court suggested a two-step approach for determining whether a complaint survives dismissal. 129 S. Ct. at 1949-50.

> *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id*. (emphasis added). Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. If any factual allegations remain, the Court should then review them to determine if the claimant has stated a plausible claim for relief. *Id*.

**ARGUMENT**

**I.   Plaintiff has failed to plead sufficient allegations to show that NationStar can be liable for violation of TILA § 1641(g) because she has not alleged that NationStar "acquires more than one mortgage loan in any twelve-month period."**

Plaintiff bases her claim against NationStar on an alleged violation of the notice requirement under TILA § 1641(g), a 2009 amendment to TILA. (Compl., Intro., ¶¶ 8, 9). Section 1641(g) states:

> **Notice of new creditor**
>
> **(1)   In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, *the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer*, including –
>
> **(A)**   the identity, address, telephone number of the new creditor;
> **(B)**   the date of transfer;
> **(C)**   how to reach an agent or party having authority to act on behalf of the new creditor;
> **(D)**   the location of the place where transfer of ownership of the debt is recorded; and
> **(E)**   any other relevant information regarding the new creditor.

(emphasis added).

Section 226.39 of Regulation Z implements TILA § 1641(g) and further limits applicability of the notice requirement to any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, *and who acquires more than one mortgage loan in any twelve-month period*." 12 C.F.R. § 226.39(a)(1) (emphasis added). Thus, in order to be liable for violation of TILA § 1641(g), a party must (1) be the owner of the mortgage loan at issue and (2) acquire more than one mortgage loan in any twelve-month period.

In the Complaint, Plaintiff merely parrots step one of the statutory language, alleging "ownership interest in the Plaintiff's mortgage and note was assigned to NationStar" on September 21, 2010 and, in support thereof, cites the September 21, 2010 Assignment of Deed of Trust from MERS to NationStar.  (Compl., ¶ 6).  As shown below, this allegation is nothing more than a legal conclusion that is actually contradicted by the document to which Plaintiff refers and the applicable statutes and regulations.  *See infra*, Section II.  Moreover, Plaintiff has failed to allege that NationStar "acquires more than one mortgage loan in any twelve-month period."  *See* Reg. Z, § 226.39(a)(1).  Therefore, as a matter of law, Plaintiff has failed to state sufficient factual allegations indicating that NationStar is a "covered party" under § 1641(g) and the Court must dismiss Plaintiff's claim.

**II.     NationStar cannot be held liable for violation of TILA § 1641(g) because it is not the owner of the Loan.**

Plaintiff's claim fails because it is merely a "formulaic recitation" of the elements needed to state a claim against NationStar for violation of TILA § 1641(g).  Furthermore, Plaintiff's legal conclusion is contrary to the very document upon which Plaintiff bases her claim. (Compl., ¶ 6) (claiming NationStar has an "ownership interest" in the Loan and citing the Assignment of Deed of Trust, Ex. A).  On a motion to dismiss under Rule 12(b)(6), the Court is not "required to accept as true allegations that contradict exhibits attached to the complaint."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 626 F.3d 992, 998 (9th Cir. 2010).

Importantly, Plaintiff does not allege in the Complaint that the Loan originator Homecomings assigned, conveyed, or transferred ownership of the Loan to NationStar.  Nor does Plaintiff allege that any entity with ownership rights in the Loan assigned it to NationStar.  Instead, the document upon which Plaintiff relies indicates that *MERS*, not the Loan owner, assigned its rights.  According to the clear terms of the Mortgage, MERS is the mortgagee and

nominee for the Lender and its successors and assigns. (Ex. A, 2-3). It was this status (i.e., mortgagee and nominee) and authority that MERS assigned to NationStar in the Assignment of Deed of Trust.[4]

It is well settled under Alabama law that a party may not assign more rights than it possesses. *Mannsfeld v. Evonik Degussa Corp.*, 2011 U.S. Dist. LEXIS 1412, *58 (S.D. Ala. Jan. 5, 2011) (ruling "[assignor] could not assign to [assignee] a greater interest in [the] inventions than [assignor] itself possessed"); *LPP Mortgage, Ltd. v. Boutwell*, 36 S.3d 497, 503 (Ala. 2009) ("Alabama law is long settled that an assignee stands in the shoes of the assignor."); *Singer Asset Finance Co. v. Connecticut General Life Ins. Co.*, 975 So. 2d 375, 380 (Ala. Civ. App. 2007) ("When a party assigns its rights under a contract to an assignee, the assignee steps into the shoes of the assignor and possesses all the rights the assignor originally possessed but nothing more."). Thus, in the Assignment of Deed of Trust, MERS assigned – at most – its rights under the Mortgage as mortgagee and nominee for the Lender and its assigns. It did not and could not assign ownership of the Loan.

Furthermore, the Official Staff Commentary for Regulation Z expressly recognizes that ownership or assignment of a mere "beneficial interest" in a loan does not require notification under TILA § 1641(g). The Commentary for Reg. Z § 226.39 states "Section 226.39 does not apply to a party that acquires only a beneficial interest or a security interest in the loan." Based on the Assignment, NationStar acquired only MERS's mortgagee interest in the Loan. The document, which is entitled an "Assignment of Deed of Trust,"[5] clearly assigns – at the very

---

[4] This Court, along with several others, has recognized the validity of mortgage assignments by MERS and affirmed MERS's authority to assign its rights as mortgagee. *See*, *e.g.*, *Mortensen v. Mortgage Elec. Registration Sys., Inc.*, 2010 U.S. Dist. LEXIS 135876, *10-11, *56-58 (S.D. Ala. Dec. 23, 2010) (affirming MERS assignment of its rights as mortgagee under the mortgage) (Steele, J.).

[5] Alabama does not use a deed of trust system, but instead employs a mortgage system, which passes legal title to the mortgagee with the mortgagor left with the equity right of redemption. Ala. Code § 35-10-5. The misnomer in the title of the assignment document has no effect on the matters before the Court in NationStar's motion.

most – MERS's authority to enforce the security interest (i.e., the Mortgage) in the Loan. Therefore, TILA § 1641(g) has no application in this matter because NationStar appears to be the assignee of the mortgagee and nominee of the Mortgage. It is not the assignee of the owner of the Loan. Accordingly, Plaintiff's claims should be dismissed with prejudice.

In a similar case involving an assignment by MERS, the district court in *Kebasso v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 79257, *6-7, n. 7 (D. Minn. July 20, 2011) dismissed the borrower's claim that the defendant violated TILA § 1641(g). Like the Plaintiff here, the borrower in *Kebassa* entered into a loan secured by a mortgage on their property. *Id*. at *2. Like the Mortgage here, the *Kebassa* mortgage identified MERS as "mortgagee 'acting solely as a nominee for Lender and Lender's successors and assigns.'" *Id*. at *2-3 (reciting language identical to that in the Mortgage here). MERS eventually executed and recorded an assignment of mortgage, assigning the mortgage to BAC Home Loans Servicing, LP ("BAC"). The borrower alleged that BAC violated TILA § 1641(g) by failing to give notice of the transfer within 30 days. *Id*. at *6-7, n.7. The district court disagreed, ruling that the "claim fails on the merits" because § 1641(g) "imposes obligations on the 'the creditor that is the new owner or assignee of the debt,' not on the mortgagees or loan servicer." *Id*. The same logic applies here. MERS, as beneficiary and nominee for the Mortgage (i.e., the mortgagee) assigned its beneficial interests to NationStar. Thus, TILA § 1641(g) has no application and Plaintiff's claims must be dismissed with prejudice.

**III.    As the loan servicer, NationStar is expressly excluded from liability under the applicable TILA statutes and Regulation Z.**

The applicable TILA statutes and regulations also prohibit liability against NationStar in this matter because it is clear from the allegations in the Complaint that NationStar is merely the loan servicer that received, at most, an assignment of the Mortgage and MERS's rights for

"administrative convenience." In the Complaint, Plaintiff concedes that NationStar is the loan servicer.[6] (Compl., ¶ 5). TILA § 1641(f)(1) limits liability of loan servicers, stating "[a] servicer of a consumer obligation arising from a consumer credit transfer shall not be treated as an assignee of such obligation for purposes of this section [which includes § 1641(g)] unless the servicer is or was the owner of the obligation." Furthermore, subsection (2) expressly excludes the common situation in which a loan servicer receives assignment of an obligation "solely for administrative convenience," stating:

> **Servicer not treated as owner on basis of assignment for administrative convenience**
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer *solely for the administrative convenience of the servicer in servicing the obligation*. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

TILA § 1641(f)(2)(emphasis added). Regulation Z implements this provision by excluding servicers from "covered persons" required to give notice of transfer of ownership, stating: "[A] servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation." Reg. Z, § 226.29(a)(1). Similarly, the Official Commentary for § 226.39 excludes loan servicers, stating:

---

[6] Section 1641(f)(3) defines "servicer" by referring to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(i)(2), which states that the term "'servicer' means the person responsible for servicing of a loan." "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3).

> *Loan servicers*.  Pursuant to TILA Section [1641(f)(2)], the servicer of a mortgage loan is not the owner of the obligation for purposes of this section if the servicer holds title to the loan as a result of the assignment of the obligation to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

As shown above, NationStar is the assignee of MERS and its rights under the Mortgage, it is not the assignee of the owner of the Loan.  *See supra*, Section II.  However, to the extent that Plaintiff attempts to allege erroneously that NationStar received any interest in the Loan itself, it is clear that such transfer would have been nothing more than a routine assignment solely for the administrative convenience of the loan servicer NationStar in servicing the loan.

Furthermore, as Plaintiff and her counsel are well aware, the TILA statutes (and other federal statutes) provide a mechanism by which obligors may request ownership information from the loan servicer.  *See* TILA § 1641(f)(2).[7]  Plaintiff could have requested this information from NationStar.  She did not.  Instead, she has filed this lawsuit based on an erroneous understanding of the facts and law and asserted factual allegations that are contrary to the one document upon which she bases all of her claims.  The Court should dismiss Plaintiff's action with prejudice.

## CONCLUSION

WHEREFORE, NationStar Mortgage, LLC respectfully requests the Court to grant its Motion to Dismiss and enter an Order dismissing with prejudice all of Plaintiff's claims asserted in the Complaint, awarding NationStar its costs and fees incurred in defending this matter, and granting whatever other legal or equitable relief the Court deems appropriate.

---

[7] Plaintiff bases her claims on TILA § 1641(g).  Subsection (f)(2) of the same section contains the provision requiring loan servicers to provide information regarding the owner of the loan upon request from the obligor.  Thus, Plaintiff is or should have been aware of her rights to request ownership information.  Moreover, although the information may not considered on a motion to dismiss, Plaintiff has, in fact, obtained the identity of the investor and owner of the Loan in another lawsuit filed by Plaintiff against NationStar regarding an alleged loan modification and styled, *Valrie v. NationStar Mortgage, LTD.*, Case No. 10-902492 (Mobile County Cir. Ct., Ala.).

               Respectfully submitted,

               */s/ J. Blair Newman*
               EDWARD S. SLEDGE, III  (SLEDE7917)
               esledge@mcdowellknight.com
               J. BLAIR NEWMAN, JR.   (NEWMJ8590)
               bnewman@mcdowellknight.com
               *Attorneys for NationStar Mortgage, LLC*


OF COUNSEL:

**McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
Phone: 251-432-5300
Fax: 251-432-5303


John C. Lynch (*Not admitted to practice by AL Bar*)
Jon S. Hubbard (*Not admitted to practice by AL Bar*)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jon.hubbard@troutmansanders.com
*Counsel for NationStar Mortgage, LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 19th day of September, 2011, a true and correct copy of the foregoing was served on the following via the court's electronic system and/or registered mail.

Kenneth J. Riemer, Esq.
Earl P. Underwood, Jr., Esq.
Underwood & Riemer, P.C.
*Counsel for Plaintiff*
21 South Section Street
Fairhope, AL  36532
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email: kjr@alaconsumerlaw.com
Email: epunderwood@alalaw.com

                                            */s/ J. Blair Newman*
                                            J. Blair Newman