IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE VALRIE , individually and on behalf of all  similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-00404-CG-N |
| NATIONSTAR MORTGAGE, LLC, | ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

The motion to dismiss (docs. 14-15) filed by defendant, NationStar Mortgage, LLC ("NationStar"), has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) for entry of a Report and Recommendation.  Upon consideration of the motion, plaintiff's response in opposition thereto (doc. 29), as supplemented (doc. 34), NationStar's reply (doc. 31),  and all other pertinent portions of the record, it is the recommendation of the undersigned that the motion to dismiss be **DENIED**.

I.      Factual and Procedural Background.

Plaintiff, Jacqueline Valrie, asserts that she executed a real estate loan in the amount of $115,920.00 with Homecomings Financial Network, Inc. on July 29, 2003, which was secured by a mortgage on her principle residence. (Doc. 29 at 1;  Doc. 1 at ¶¶  5 , 7).  Although Valrie states that "[s]ervicing of the loan was transferred to Nationstar" (doc. 1 at ¶ 5), she also asserts that "[o]n September 21, 2010, ownership

interest in Plaintiff's mortgage and note was assigned to Nationstar [and] [a] written Assignment identifying Nationstar as the assignee was executed on October 26, 2010 and recorded in the probate office of Mobile County, Alabama on or about November 4, 2010" (*id*. at ¶69).[1]  In the complaint's sole claim[2], Valrie alleges that NationStar "is a 'creditor' as that term is used in 15 U.S.C. § 1641(g)" but that NationStar failed to notify the plaintiff of the assignment of an ownership interest in her mortgage and note as required by Section 1641(g) of the Truth in Lending Act ("TILA").  (Doc. 1 at ¶¶ 9-15).

NationStar filed the instant motion to dismiss (docs. 14-15) on September 19, 2011.  A response in opposition was filed by Valrie on October 20, 2011 (doc. 29), and NationStar submitted a reply on November 9, 2011 (doc. 31).  A supplement in opposition was filed by Valrie on November 30, 2011 (doc. 34) and the motion is now ripe for consideration by the Court.

## II.  Standard of Review [3]

---

[1] NationStar disputes this allegation, asserting instead that the assignment was "executed on September 21, 2010 and recorded on October 15, 2010."  (Doc. 15 at n. 3).

[2] Plaintiff also seeks class certification for "all residential mortgage borrowers who: (A) [f]rom a time period beginning one year prior to the date of the filing of this complaint to the present; (B) [h]ad a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and (C) [a]n interest in their mortgage loan was sold or otherwise transferred or assigned to Nationstar; and [d]id not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1)."  (Doc. 1 at ¶17).

[3] Although the scope of review with respect to a motion to dismiss is generally limited to the four corners of the complaint, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  The Eleventh Circuit has also held that, "[i]n this context, 'undisputed' means that the authenticity of the document is not challenged." Id.  It is also clear that "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may
(Continued)

"[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). *See also*, Speaker v. U.S. Dept. of Health and Human Services, 623 F.3d 1371, 1379 (11th Cir. 2010)("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.").

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following

---

consider such a document provided it meets the centrality requirement imposed in Horsley." Id., citing Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999). *See also,* Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."), citing Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). As applied to this case, NationStar's motion to dismiss need not be converted to a motion for summary judgment because the mortgage and assignment submitted by NationStar (docs. 15-1 and 15-2) and the notices of foreclosure submitted by the plaintiffs (docs. 29-1 and 29-2) are central to plaintiffs' claim and are referenced in the complaint and there does not appear to be any dispute over the authenticity of these documents. Thus, the Court may properly consider these exhibits without converting the instant motion to dismiss into a motion for summary judgment. *See e.g.,* Wooten v. Quicken Loans, Inc., 2008 WL 687379, *1 (S.D. Ala. Mar. 10, 2008).

standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The Supreme Court reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a

> context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010)("In Twombly, the Supreme Court . . . explained that a complaint 'does not need detailed factual allegations,' but the allegations 'must be enough to raise a right to relief above the speculative level'."), *quoting* Twombly, 550 U.S. at 555; Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949 (11th Cir. 2009)("A plaintiff must provide enough factual allegations, which are assumed to be true, 'to raise a right to relief above the speculative level'."), *quoting* Twombly, 550 U.S. at 555; Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately

prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8. The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556. *See also*, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III. Analysis.

Valrie asserts in her complaint a single claim[4] against NationStar for violating the notification provision of 15 U.S.C. § 1641(g). Section § 1641(g) provides:

> Notice of new creditor
>
> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;

---

[4] The complaint also contains class allegations.

    (C) how to reach an agent or party having authority to act on behalf of the new creditor;

    (D) the location of the place where transfer of ownership of the debt is recorded; and

    (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).

  In support of the motion to dismiss NationStar argues, in sum, that: (1) "[p]laintiff has failed to plead sufficient factual allegations indicating that NationStar meets the statutory requirements for liability under TILA § 1641(g)" (doc. 15 at 2); that (2) "[t]he factual allegations in the Complaint indicate that NationStar is the assignee of the mortgagee, not the owner of the loan" (*id.*), and (3) "[t]o the extent Plaintiff erroneously asserts that NationStar received any interest in the loan, the applicable TILA statutes and regulations exclude liability for loan servicers (such as NationStar) that receive an interest merely for "administrative convenience" (*id.*). The undersigned addresses these arguments in turn.

  A. <u>Factual allegations are sufficient</u>.

  NationStar first argues that plaintiff's claim fails because she has failed to allege that NationStar "acquires more than one mortgage loan in any twelve-month period." (Doc. 15 at 6). According to NationStar:

> Section 226.39 of Regulation Z implements TILA § 1641(g) and further limits applicability of the notice requirement to any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelvemonth period." 12 C.F.R. § 226.39(a)(1) (emphasis added). Thus, in order to be liable for violation of TILA §

7

>   1641(g), a party must (1) be the owner of the mortgage loan at issue and (2) acquire more than one mortgage loan in any twelve-month period.

(*Id.*) NationStar concedes, however, that plaintiff has alleged that "[on September 21, 2010,] "ownership interest in the Plaintiff's mortgage and note was assigned to NationStar." (*Id.* at 7, *citing* Compl. ¶ 6). Despite NationStar's contention to the contrary, plaintiff's allegation is **more** than a mere legal conclusion. Although the more than "one loan per year" requirement is indeed listed in the regulatory description of a "covered person," there is no requirement that plaintiff's Complaint must address every possible aspect of the claim[5] so long as the factual allegations "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. *See also*, Reed v. Chase Home Fin., LLC, 2011 WL 4946439, *1-2 (S.D. Ala. Oct. 18, 2011)(Mortgage company's argument that, because there were no more details provided as to the transfer, the allegation in the complaint concerning an assignment that only mentioned the mortgage was insufficient to constitute an allegation that ownership was also conveyed was rejected by the Court). Accordingly, as to defendant's first argument, the undersigned finds that plaintiff's complaint is sufficient.

    B. Ownership is plausibly pled.

---

[5] Even if this Court deemed it necessary to make such an allegation, the deficiency could easily be rectified. NationStar does not dispute that, according to probate records, there were at least 24 similar assignments to NationStar in 2011 in Mobile County alone. Plaintiff's failure to specifically allege that NationStar, a large mortgage company that does business throughout the United States according to its website www.nationstarmtg.com, does not render her § 1641(g) claim either speculative or implausible.

NationStar next argues that plaintiff has failed to plausibly allege that NationStar is the owner of the loan because, *inter alia*, plaintiff has failed to allege "that the Loan originator Homecomings assigned, conveyed, or transferred ownership of the Loan to NationStar [or that] any entity with ownership rights in the Loan assigned it to NationStar." (Doc. 15 at 7). NationStar maintains that "MERS[6] assigned – at most – its rights under the Mortgage as mortgagee and nominee for the Lender and its assigns [but] did not and could not assign ownership of the Loan." (*Id*. at 8). A similar argument was recently rejected by this Court in William C. Squires v. BAC Home Loans Servicing, LP, 2011 WL 5966948, (S.D. Ala. Nov. 29, 2011), wherein the Court held:

> There are several problems with this argument. As an initial matter, on a Rule 12(b)(6) Motion, all factual allegations in the Complaint are taken as true. The Squires' Complaint alleges that "beneficial interest in the Plaintiffs' ***mortgage and note*** was assigned to BAC." (Doc. 2, ¶ 6 (emphasis added).) The Court is not free to disregard that factual allegation—which yields a plausible *Twombly / Iqbal* inference that [defendant mortgage company], in fact, became plaintiffs' creditor when it obtained beneficial interest in both mortgage and note—merely because [defendant mortgage company] disputes it.[FN3]
>
>> FN3. Defendant's response is that this factual allegation can be ignored because it contradicts the Assignment of Mortgage attached to the Complaint. As a general proposition, it is correct that facts in a complaint need not be credited if they are contradicted by exhibits to same. *See generally* Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) ("[w]e are not ... required to accept as true allegations that contradict exhibits attached to the Complaint"). But there is no obvious contradiction here. After all, the Assignment of Mortgage states that MERS is transferring to [defendant

---

[6] Mortgage Electronic Registration Systems, Inc.

9

> mortgage company] the Squires' mortgage "together with the debt thereby secured and the property therein described." (Doc. 2, Exh. A.) Just as the Complaint states, then, the Assignment of Mortgage confirms that the mortgage "and the debt thereby secured" were transferred to [defendant mortgage company]. Nor does [defendant mortgage company] advance its cause by suggesting that other evidence supports other factual inferences that MERS lacked creditor status. A Rule 12(b) Motion is not the time for such factual determinations to be made on an incomplete, undeveloped record relying on a movant's self-serving representations. This is particularly true where defendant would point to a mortgage document from 2007 as the definitive statement of MERS' rights vis a vis the Squires' mortgage at the time of assignment in 2010, without an iota of proof as to anything that might or might not have transpired in the interim to alter MERS' status. At the pleadings stage, this Court cannot make a factual determination of MERS' rights and interests in the loan as of 2010, beyond accepting plaintiffs' allegation that MERS transferred both mortgage and note to [defendant mortgage company].

More importantly, defendant's argument is flawed because it imports the definition of the term "creditor" taken from elsewhere in TILA, without rebutting or even acknowledging the Federal Reserve Board's statement that such an application is improper. *See* 74 Fed.Reg. 60143–01, at 60145 ("Section 404(a) imposes the disclosure duty on the 'creditor that is the new owner or assignee of the debt.' The Board believes that to give effect to the legislative purpose, the term 'creditor' in Section 404(a) must be construed to refer to the owner of the debt following the sale, transfer or assignment, without regard to whether that party would be a 'creditor' for other purposes under TILA or Regulation Z."); 12 C.F.R. § 226.39(a)(1) (§ 1641(g) disclosure requirements apply generally to "any person ... that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelvemonth period"). Defendant does not explain how its argument that [the mortgage company] is not a "creditor" for § 1641(g) purposes can be squared with § 226.39 or statements by the Board, much less offer any basis for departing from that interpretive guidance. [Footnote omitted]. Nor does defendant reconcile its belief that "creditor" should be

> construed narrowly for § 1641(g) purposes with this Court's obligation to interpret TILA liberally in light of its remedial purposes. *See, e .g.*, Brown v. CitiMortgage, Inc., —— F.Supp.2d ——–, 2011 WL 4809142, *4 (S.D.Ala. Oct. 11, 2011) ("The Eleventh Circuit has emphasized the strong remedial purpose of TILA and has heeded continual admonitions that we construe TILA ... liberally in the consumer's favor.") (citations and internal quotation marks omitted).

2011 WL 5966948 at *3.

NationStar does argue that, unlike Squires, plaintiff's contention that NationStar foreclosed in its own name cannot be considered because there is no allegation of foreclosure in the complaint. While this is true, evidence has been submitted which has not been challenged by NationStar and establishes that such foreclosure indeed occurred. *See* Doc. 29-1 and 29-2. Consequently, by not disputing that NationStar acquired all rights and titles necessary to conduct a valid foreclosure sale of Valrie's property, NationStar effectively concedes the presence of a viable Twombly/Iqbal inference that it is a "covered person" within the meaning of § 226.39.

    C. <u>Applicability of "servicer" exclusion not established at this juncture</u>.

NationStar's final argument is that "[t]he applicable TILA statutes and regulations also prohibit liability against NationStar in this matter because it is clear from the allegations in the Complaint that NationStar is merely the loan servicer that received, at most, an assignment of the Mortgage and MERS's rights for 'administrative convenience'." (Doc. 15 at 9-10). As such, NationStar contends that it is exempt under 15 U.S.C. § 1641(f) which provides, in pertinent part:

> Treatment of servicer

>   (1) In general
>
>   A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.
>
>   (2) Servicer not treated as owner on basis of assignment for administrative convenience
>
>   A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.
>
>   (3) "Servicer" defined
>
>   For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of Title 12.

15 U.S.C. § 1641(f).  Plaintiff argues that NationStar not only "became the owner of the obligation" after the assignment, but has failed to establish that the assignment was merely for its administrative convenience. (Doc. 29 at 11-12).  Based upon documents proffered as exhibits by NationStar, NationStar became more than simply a servicer of the loan when the "Assignment of Deed and Trust" was executed purporting to transfer the ownership interest in Valrie's mortgage to NationStar and then recorded in the Probate Court of Mobile County, Alabama on October 15, 2010.  (Doc. 15-2). This recorded assignment provides that the "Transferor" was in fact transferring to NationStar all of its interest in Valrie's mortgage "by virtue of being legal holder and ***owner*** of said

indebtedness." (*Id*.). In addition, NationStar does not identify any facts supporting its contentions that the assignment in this case actually conveyed rights in plaintiff's mortgage to NationStar solely for its "administrative convenience as servicer." Moreover, there are no facts in the record which shed any light on the purpose of the assignment at issue, or for that matter on the nature of NationStar's servicing obligations with respect to the plaintiff's mortgage. Consequently, this Court cannot conclude that NationStar is entitled to dismissal based on the "servicer" exclusion set forth in § 1641(f)(2). *See* Squires, *supra*, 2011 WL 5966948, at *4)("BAC asserts in conclusory fashion that the Assignment of Mortgage conveyed MERS's rights to BAC solely for its administrative convenience, but does not identify any facts supporting—much less dictating—that result."); *see also* Fairbanks Capital Corp. v. Jenkins, 225 F.Supp2d 910, 914 (N.D. Ill. 2002)("Defendants have squarely alleged that Fairbanks is an assignee of the loan . . .and they allege nothing that hints at the possibility that the assignment was made solely for Fairbanks' administrative convenience [and] . . . the Court must take defendants' allegations as true and can grant Fairbanks' motion [to strike the affirmative defense and dismiss the counterclaim] only if it appears beyond doubt that defendants can prove no set of facts consistent with their allegations that would sustain their counterclaim and defense.").

## CONCLUSION

For the reasons stated above, it is recommended that NationStar's motion to dismiss be **DENIED** and that NationStar be ordered to file its answer to the Complaint by a specific time established by the Court.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  18th  day of January, 2012.

        /s/ Katherine P. Nelson
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[7] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this  18th  day of January, 2012.

        /s/ Katherine P. Nelson
        **UNITED STATES MAGISTRATE JUDGE**

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).